IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Desmond Cromer, ) | C/A No.: 2:22-cv-00663-TLW-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **JOINT REPORT PURSUANT** |
| ) | **TO FED.R.CIV.P. RULE 26(f)** |
| Richland County, Marcus A. Burnette, ) | **AND LOCAL RULE 26.03** |
| Signeous Green, Gordon H. Barnum, III, ) | |
| Captain Bufford, and Officer Wilson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pursuant to Rule 26(f) and Local Rule 26.03 of the Federal Rules of Civil Procedure, the parties make the following report to the Court:

**RULE 26(f), F.R.C.P.**

1. What changes should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.

    **RESPONSE:**

    **No changes should be made without prior discussion of counsel and/or leave of Court.**

2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

    **RESPONSE:**

    **Discovery in this case will be relatively limited to basic discovery issues. This may include conducting the depositions of the parties and any listed fact and expert witnesses, to inquire as to both liability and damages issues, as well as possible defenses. However, the undersigned counsel believe that additional discovery may involve ascertaining the existence of additional fact witnesses, including detention**

1

**officers, inmates, in addition to deposing and/or seeking additional materials and items from Plaintiff's medical providers.**

3.     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**RESPONSE:**

**None.**

4.     Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

**RESPONSE:**

**No other orders other than the Court's Scheduling Order.**

## LOCAL RULE 26.03

1.     A short statement of the facts of the case.

**RESPONSE**

**In February 2018, Plaintiff was arrested and booked into the Alvin S. Glenn Detention Center ("ASGDC") juvenile housing area. On December 28, 2018 and his seventeenth birthday, Plaintiff was transferred to the adult housing unit at the detention center. He was incarcerated until his release date on January 14, 2021. During this time, he was assaulted by inmates and was subjected to force at various times by detention officers.**

**Plaintiff's action centers on five (5) separate events alleging unlawful conduct by the Defendant ASGDC officers during the course of his incarceration. These include: (1) a June 8, 2019 use of force by the Defendant Burnette in which chemical munitions were administered; (2) a June 26, 2019 incident wherein Plaintiff was placed in a restraint chair for twelve hours; (3) an October 19, 2020 use of force in which the Defendant Green tackled and physically assaulted Plaintiff; (4) a November 3, 2020 event in which the Defendants Barnum, Green, Wilson, and Bufford strip searched and physically assaulted Plaintiff; and (5) a November 21, 2020 use of force use of force event wherein the Defendant Green physically assaulted Plaintiff in his cell.**

2.     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:**

2

**PLAINTIFF'S WITNESSES:**

**(a) Desmond Cromer**

**This witness is the Plaintiff and is expected to testify regarding the facts and circumstances as stated in this lawsuit.**

**DEFENDANTS' WITNESSES:**

**(a)     Gordon H. Barnum, III**

**(b)     Curtis Bufford**

**(c)     Marcus A. Burnette**

**(d)     Signeous Green**

**(e)     Keyoshia Wilson**

**These witnesses are party-Defendants and were working as ASGDC officers and/or supervisors at all relevant times.  They are expected to testify regarding their knowledge of the relevant events and consistent with their participation during the events giving rise to this action.**

---

**All parties reserve the right to call any of the above listed witnesses and supplement this list, to the extent permissible.**

3.     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE:**

**No expert witness has been presently identified.  However, all parties reserve the right to supplement this response in accordance with the Court's Scheduling Order.**

4.     A summary of all claims or defense with statutory and/or case citations supporting the same.

**RESPONSE:**

**SUMMARY OF PLAINTIFF'S CLAIMS**

**The Plaintiff asserts various federal claim, under 42 U.S.C § 1983, against all Defendant ASGDC officers as they, at the aforementioned times, deprived Plaintiff of his Fourth Amendment Rights guaranteed pursuant to the United States Constitution.** *See,* **U.S. Const. amend. IV. Additionally, the Plaintiff asserts causes of action, pursuant to the South Carolina Torts Claim Act, against Defendant Richland County for the claims of negligence, gross negligence, and assault.** *See,* **S.C. Code Ann. § 15-78-10** *et seq***.**

**Plaintiff has also brought** *Monell* **claims against Richland County for lack of training and policies.**

**SUMMARY OF DEFENDANTS' POSITION AND DEFENSES:**

**The Defendants assert that they acted appropriately and reasonably at all relevant times and categorically deny that they violated the Plaintiff's constitutional rights.**

**The Amended Complaint fails to state a cause of action pursuant to 42 U.S.C. § 1983 as the Defendant Richland County cannot be liable pursuant to the principle of** *respondent superior***.**

**The individually named Defendants at no time violated any clearly established constitutional rights which were known or should have been known to them, and therefore, they are entitled to immunity. The actions of these Defendants were objectively reasonable in light of the existing law, and therefore, they are entitled to immunity.**

**The Defendants allege any and all claims for punitive damages should be dismissed as such damages are not properly recoverable under the common laws of the State of South Carolina or the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Annotated § 15-78-120(b).**

**The Defendant Richland County, as an entity, is entitled to sovereign immunity for all claims for punitive damages. Punitive damages are not recoverable under 42 U.S.C. § 1983 against the Defendants County pursuant to** *City of Newport v. Fact Concerts, Inc***., 453 U.S. 247, 101 S.Ct. 2748 (1981).**

**The Defendants allege that at all times herein that they were acting within the course and scope of their employment in a discretionary manner, in good faith, without bad faith or malicious motives in the performance of their official duties, and therefore, the Defendants are immune from suit. Moreover, the Defendants allege that they are immune from suit and liability under the doctrine of sovereign immunity in addition to pursuant to** *Long v. Seabrook* **and its progeny. Finally, the Defendants assert the Public Duty Rule as a bar to Plaintiff's allegations, in whole or in part.**

**The Defendants further plead the specific provisions of the SCTCA, S.C. Code Ann. § 15-78-10 *et seq.*, (Supp. 2004), encompassing all of the immunities, limitations and defenses granted or preserved by the Act, and codified as S.C. Code Ann. §§ 15-78-20; 15-78-30; 15-78-40; specifically 15-78-60 (4), (5), (6), (17), (20), and (25); 15-78-70; 15-78-100; 15-78-120; and, 15-78-200.**

**The Defendants are absolutely immune from Plaintiff's tort claims pursuant to S.C. Code Ann. §§ 15-78-40 and/or 15-78-50(b) of the South Carolina Tort Claims Act. Moreover, the Defendants Burnette, Green, Barnum, Bufford, and Wilson, in their individual capacities, are immune from suit pursuant to the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-70(c).**

**The Defendants allege that any injuries or damages allegedly suffered by Plaintiff were due to and caused entirely by Plaintiff's negligence which is more than the Defendants' negligence, and that such is a complete bar to Plaintiff's recovery.**

**The Defendants allege, upon information and belief, that any injuries or damages allegedly suffered by Plaintiff, without admitting same to be true, were due to and caused by the sole negligence, recklessness, willfulness, wantonness, carelessness, and gross negligence of Plaintiff and were not caused by the Defendants, which sole negligence of Plaintiff is a complete bar to Plaintiff's attempt to recover herein.**

**The Defendants allege, upon information and belief, that any injury or damages alleged in Plaintiff's Amended Complaint were due to, occasioned by, or caused by intervening acts on the part of someone other than the Defendants, without which acts Plaintiff would not have sustained any injuries or damages as are set forth in the Amended Complaint, all of which the Defendants plead as a bar to this action.**

**The Defendants assert failure to join one or more indispensable parties as an affirmative defense to this matter. The Defendants allege upon information and belief that Plaintiff has failed to join one or more parties to this action pursuant to Rule 19, SCRCP.**

**Plaintiff has failed to state a justiciable claim against the Defendants, and therefore the Defendants must be dismissed. Furthermore, Plaintiff's claims are also barred, in whole or in part, by the pre-existing condition doctrine. Finally, Plaintiff has failed to mitigate his damages, thereby barring his recovery in whole or in part.**

**The Defendants assert that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.**

5.      Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16:02:

  (a)     Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

    (b)    Completion of discovery.

**RESPONSE:**

**The parties anticipate that additional time is needed based on the special circumstances stated herein and as outlined in the proposed amended scheduling order.**

6.    The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduled Order.

**RESPONSE:**

**Given the factual background of this case, the parties believe that it may become necessary to ascertain the existence of additional fact witnesses, including detention officers, inmates, in addition to deposing and/or seeking additional materials and items from Plaintiff's medical providers. These would be accomplished during the discovery portion of the case and that which might affect the Court's Scheduling Order.**

7.    The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned Judge.

**RESPONSE:**

**Not applicable.**

    Respectfully submitted,

    KENDRICK & LEONARD, P.C.

    BY:    *s/ Joshua Snow Kendrick*
             JOSHUA SNOW KENDRICK
             Federal I.D. No. 9037
             P.O. Box 886 (29202)
             506 Pettigru Street
             Greenville, South Carolina 29601
             T: (864) 760-4000
             josh@kendrickleonard.com

*Counsel for the Plaintiff*

-    AND    -

CROWE LAFAVE, LLC


BY:     *s/ Robert D. Garfield*
        ROBERT D. GARFIELD
        Federal I.D. No. 7799
        2019 Park Street
        Columbia, South Carolina 29201
        T: (803) 999-1225
        robert@crowelafave.com

*Counsel for the Defendants*

Columbia, South Carolina

April 11, 2022